IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

KHAMIS ADAM ALAEYSR,

*Petitioner*,

VS.

CIVIL CASE NO. SA-26-CV-6901-FB

RENALDO CASTRO, Warden, South Texas ICE Processing Center; MIGUEL VERGARA, Acting/Director of San Antonio Field Office, U.S. Immigration and Customs Enforcement; DAVID J. VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, U.S. Attorney General, in Their Official Capacities,

*Respondents*.

**ORDER GRANTING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER ORDERING RELEASE AND PREVENTING UNLAWFUL DEPORTATION**

Before the Court is Petitioner's Motion for Temporary Restraining Order Ordering Release and Preventing Unlawful Deportation filed on October 27, 2026 (ECF No. 2). Petitioner seeks emergency relief from this Court in the form of an Order to Show Cause as to why the Respondents should not release Petitioner from custody with no conditions of release that would constitute *de facto* custody, or to provide him with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

Petitioner also seeks a temporary restraining order, pursuant to Federal Rule of Civil Procedure 65(b)(1), for the same relief as set forth above and to enjoin Respondents from relocating the Petitioner outside of the Western District of Texas pending final resolution of this case and prevent Respondents from removing Petitioner to a third country without the opportunity to reopen his removal proceedings.

As set forth in the Petition and Motion, Petitioner is a native of Sudan who fled his home country and entered the United States in April of 2024. He was immediately detained and was placed in removal proceedings pursuant to 8 U.S.C. § 1229a. In those proceedings, an immigration judge designated Sudan as the country of removal, with France as the alternative country of removal. During those proceedings, Petitioner expressed a fear of removal to Sudan. He was ordered removed to Sudan on April 2, 2025, and granted withholding of removal. Petitioner remained detained ten additional

months until a federal judge granted his Petition for Writ of Habeas Corpus and ordered his release in February of 2026.

Petitioner was re-detained on September 23, 2026, while at work. He has been told he is to be deported to an African country immediately. This detention comes after being free for six and a half months since his prior detention, from April 2024 until February 4, 2026. Petitioner states he was released from ICE detention on that date with an approved habeas petition and an understanding that he would comply with ICE's ATD program, which he did. Petitioner explains he has been told DHS plans to deport him to a third country, a country other than the one designated in his removal order, but that is all the information he has.

Petitioner asserts his detention violates the INA, FARRA regulations, and Due Process because he has a final order of removal under 8 U.S.C. § 1229a, but DHS is seeking to deport him to a country (a) not previously designated as the country or alternative country of removal, and (b) not identified in writing in the prior proceedings as a country to which the individual would be removed. Moreover, since his detention, his counsel has discovered that Petitioner is eligible for asylum and is in the process of preparing a Motion to Reopen with the Immigration Court.

In reviewing the pleadings filed in this case, the Court finds the situation presented herein is analogous to a case pending before the Honorable Xavier Rodriguez. Faced with the same request, Judge Rodriguez issued a text order which stayed Respondents from "removing Petitioner to any country other than Sudan[1] or a third-country to which Petitioner agrees to be removed without first complying with the procedural requirements, including notice to both Petitioner and his counsel 'afforded within a reasonable time and in such a manner as will allow [the noncitizen] to actually seek... relief in the proper venue before removal occurs.' *Trump v. J.G.G.*, 604 U.S. 670 (2025). The stay does not review, suspend, or delay the execution of Petitioner's order of removal to Sudan." *Mahari v.*

---

[1] The order of removal in Petitioner Mahari's case directs removal to "ERITREA, the country of his nativity and citizenship, or alternatively, SUDAN, the country of his last habitual residence, or any other country in the discretion of the secretary of DHS." (ECF No. 16 at page 3). The withholding of removal to Eritrea was granted and remains in force. In the instant case, "an immigration judge designated Sudan as the country of removal, with France as the alternative country of removal." Emergency Petition for Writ of Habeas Corpus, ECF No. 1 at page 5. Petitioner Alaeysr expressed a fear of removal to Sudan, was ordered removed to Sudan on April 2, 2025, and also was granted withholding of removal. *Id.*

*Blanche, et al.*, Case No. SA-26-CV-1308-XR, Text Order Granting Motion to Stay Third-Country Removal entered on September 25, 2026.

Therefore, based on the foregoing and the arguments and authorities presented by the Petitioner at this time, IT IS HEREBY ORDERED that Petitioner's Motion for Temporary Restraining Order Ordering Release and Preventing Unlawful Deportation (ECF No. 2) is GRANTED IN PART such that Respondents are STAYED from removing Petitioner to any country other than France or a third-country to which Petitioner agrees to be removed without first complying with the procedural requirements, including notice to both Petitioner and his counsel "afforded within a reasonable time and in such a manner as will allow [the noncitizen] to actually seek... relief in the proper venue before removal occurs." *Trump v. J.G.G.*, 604 U.S. 670 (2025). The stay does not review, suspend, or delay the execution of Petitioner's order of removal to France.

IT IS FURTHER ORDERED that any possible or anticipated transfer of Petitioner Khamis Adam Alaeysr is IMMEDIATELY STAYED[2] until further order from this Court. Respondents shall not transfer Petitioner Khamis Adam Alaeysr outside of this judicial district during the pendency of this litigation and until further Order of this Court. Of course, this order does not stay this case or suspend or delay the execution of Petitioner's order of removal to France as set forth above.

It is so ORDERED.

SIGNED this 28th day of October, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE

[2] *See Maldonado v. Lyons,* Case No. 5:26-CV-0112-JKP, 2026 WL 196521, at *2 (W.D. Tex. Jan. 20, 2026) (stay of removal and transfer by Court is proper exercise of Court's inherent power to preserve ability to hear case and "address the matters raised in the instant habeas petition").